# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| **SHANNON FULLER,**<br><br>　　　　　　　　**Plaintiff,**<br>v.<br><br>**RELIANCE STANDARD LIFE INSURANCE COMPANY,**<br><br>　　　　　　　　**Defendant.** | Civil Action No.　5:22CV-134-BJB<br><br>**COMPLAINT** |

## INTRODUCTION

1. This complaint seeks legal and equitable damages arising from and relating to a long-term disability insurance policy issued and underwritten by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3. The factual allegations found in this complaint are not exhaustive and are presented throughout this complaint so as to provide Defendant with the requisite notice of the basis for Plaintiff's allegations.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District

of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff Shannon Fuller ("Ms. Fuller") is a citizen of the United States, a resident of the Commonwealth of Kentucky, and an insured participant under the long-term disability insurance policy ("LTD Policy") at issue in this lawsuit.

7. Defendant Reliance Standard Life Insurance Company ("Reliance Standard") is the insurer of the LTD Policy at issue in this lawsuit. Reliance Standard does business as an admitted insurer, and can be regularly found operating, within the Commonwealth of Kentucky. Reliance Standard's agent for service of legal process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601.

## FACTS

8. Ms. Fuller is insured under the LTD Policy issued and underwritten by Reliance Standard.

9. Ms. Fuller ceased work in April 2020 because of the physical limitations resulting from her disabling conditions and corresponding treatment regimen. Subsequent to ceasing work, Ms. Fuller has remained continuously disabled and unable to perform the duties necessary to engage in either her prior employment or any gainful employment.

10. In a letter dated January 8, 2021, Reliance Standard notified Ms. Fuller that her LTD Policy claim had been approved under the Regulation Occupation definition, with her monthly disability income benefits commencing on July 17, 2020.

11. The LTD Policy provides for up to 24 months of benefits under the Regular Occupation definition of disability.

12. After 24 months, the LTD Policy's definition of disability changes to Any Occupation.

13. Reliance Standard conceded that Ms. Fuller satisfied the Regular Occupation of disability for the period beginning July 17, 2020 through July 16, 2022—24 months.

14. By letter dated March 23, 2022, Reliance Standard notified Ms. Fuller that she would no longer satisfy the LTD Policy definition of disability—the Any Occupation—effective July 17, 2020—four months in the future.

15. Reliance Standard speculated as to the extent of Ms. Fuller's condition over four months in the future.

16. Reliance Standard further misrepresented to Ms. Fuller that she was required to submit an appeal prior to seeking judicial relief for its termination of her LTD Policy benefits.

17. The LTD Policy does not contain any appeal rights or obligations.[1]

18. At the time Reliance Standard denied her LTD Policy benefits, Ms. Fuller's disabling conditions had not improved, and her corresponding treatment regimen had not changed. Ms. Fuller was and remains disabled under the terms of the LTD Policy.

19. The denial of Ms. Fuller's LTD Policy benefits was flawed and failed to strictly adhere to the ERISA claim regulations for a number of reasons, including, *inter alia*:

- Failing to establish and maintain reasonable procedures governing the … notification of benefit determinations.

- Failing to provide a claim process that is conducted by an appropriate named fiduciary of the plan.

- Failing to provide a written notification of an adverse benefit determination that provides the specific reason or reasons for the adverse determination.

---

[1] *Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 888 (6th Cir. 2020) ("In keeping with this intent, we hold today that for a plan fiduciary to avail itself of this Court's exhaustion requirement, its underlying plan document must—at minimum—detail its required internal appeal procedures."); *Miller v. Reliance Standard Life Ins. Co.*, 999 F.3d 280, 285-86 (5th Cir. 2021) ("Reliance unpersuasively tries to distinguish *Wallace*.").

- Failing to provide a written notification of an adverse benefit determination that provides a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.

- Failing to provide a written notification of an adverse benefit determination that provides an explanation of the basis for disagreeing with or not following the views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant.

- Failing to consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

20. In administering Ms. Fuller's claims, as the denial letter makes clear, Reliance Standard actively sought to terminate her LTD Policy benefits.

21. Ms. Fuller has met and continues to meet the respective requirements of the LTD Policy necessary to receive—and continue to receive—disability benefits.

22. At all times relative hereto, Reliance Standard has been operating under an inherent and structural conflict of interest because any disability benefits provided to Ms. Fuller are paid from Reliance Standard's own assets with each payment depleting those same assets.

23. Reliance Standard's corporate culture pressures claims personnel to deny or terminate claims to reduce disability benefits it must provide.

24. Employees who save Reliance Standard money by terminating or denying claims are more likely to be rewarded (e.g., with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

25. Based on Reliance Standard's failure to strictly adhere to the ERISA claim regulations (*see supra*), Ms. Fuller is deemed to have exhausted her administrative remedies and

is entitled to pursue the relief requested herein.[2]

26. Reliance Standard's failure to strictly adhere to the ERISA claim regulations was not *de minimis* but represents a pattern and practice of violating the claim regulations.

27. Reliance Standard's failure to strictly adhere to the ERISA claim regulations both prejudiced and harmed Ms. Fuller.

28. Ms. Fuller's complaint is timely and is not otherwise time barred.

## CLAIMS

### A. Breach of Contract

29. The LTD Policy constitutes a written contract.

30. Reliance Standard breached the terms of the LTD Policy by, among other things, improperly terminating Ms. Fuller's disability benefits.

31. Reliance Standard's breaches damaged Ms. Fuller, not only in the loss of her LTD Policy, but also in the loss of earnings on her disability benefits, the loss of opportunity, and the attorneys' fees and costs incurred.

32. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Fuller to enforce the contractual terms of the LTD Policy, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

### B. Attorneys' Fees & Costs

33. As a result of Reliance Standard's improper conduct, Ms. Fuller has incurred

---

[2] *See* 29 CFR 2560.503-1(l)(2)(i) ("In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan…Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.").

attorneys' fees and costs.

34. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Fuller to recover her reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

35. Ms. Fuller requests the Court enter judgment in her favor and against Reliance Standard on all claims asserted herein, to include legal and equitable relief as appropriate.

36. Ms. Fuller requests the Court award reasonable attorneys' fees and costs.

37. Ms. Fuller requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Reliance Standard on the unpaid benefits.

38. Ms. Fuller requests the Court award any and all other legal or equitable relief to which she may be entitled.

39. Ms. Fuller requests leave to amend her claims when and as necessary to ensure she receives substantial justice.

40. Ms. Fuller requests the Court deem her pleadings to confirm to the evidence.

\* \* \* \* \* \* \* \* \* \*

Dated:  September 27, 2022          Respectfully submitted,

/s/ Michael D. Grabhorn

**Grabhorn Law | Insured Rights®**
Michael D. Grabhorn, CLU ChFC
(KBA 89842)_
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
(KBA 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334

*Counsel for Plaintiff*

attorneys' fees and costs.

34. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Fuller to recover her reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

35. Ms. Fuller requests the Court enter judgment in her favor and against Reliance Standard on all claims asserted herein, to include legal and equitable relief as appropriate.

36. Ms. Fuller requests the Court award reasonable attorneys' fees and costs.

37. Ms. Fuller requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Reliance Standard on the unpaid benefits.

38. Ms. Fuller requests the Court award any and all other legal or equitable relief to which she may be entitled.

39. Ms. Fuller requests leave to amend her claims when and as necessary to ensure she receives substantial justice.

40. Ms. Fuller requests the Court deem her pleadings to confirm to the evidence.

\* \* \* \* \* \* \* \* \* \*

Dated:  September 27, 2022          Respectfully submitted,

/s/ Michael D. Grabhorn

**Grabhorn Law | Insured Rights®**
Michael D. Grabhorn, CLU ChFC
(KBA 89842)_
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
(KBA 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334

*Counsel for Plaintiff*